### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

JAMES SPEARS

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

CIVIL ACTION

NO. 12-624-SDD-RLB

### RULING

This matter is before the Court on the *Motion for Summary Judgment* filed by the Defendant, Louisiana Department of Public Safety and Corrections ("Defendant")[1] and the *Motion for Partial Summary Judgment* filed by the Plaintiff, James Spears ("Plaintiff").[2] Both parties have filed *Oppositions* to the opposing motions.[3]  For the reasons which follow, the Court finds that the Defendant's motion should be granted in part and denied in part, and Plaintiff's motion should be denied.

### I.    FACTUAL BACKGROUND[4]

Plaintiff was hired by the Louisiana Department of Public Safety and Corrections

---

[1] Rec. Doc. No. 11.

[2] Rec. Doc. No. 13.

[3] Rec. Doc. Nos . 15 & 17.

[4] The Court has not considered the settlement agreement between the Civil Service and Plaintiff, or any of the underlying facts relating thereto, in its determination of the issues in this opinion.

Doc 1093                                    1

on August 2, 2000, in the position of Corrections Master Sergeant at Jetson Center for Youth.[5] On May 1, 2011, the Plaintiff notified the Defendant about his second job with Allied Barton Security, which employed Plaintiff as a security officer at the Mall of Louisiana. Plaintiff was required to make this notification by the Report of Actual/Planned Other Employment and Compensation form. On May 2, 2011, the Defendant approved Plaintiff's request to work this second job with Allied Barton Security.[6]

On August 23, 2011, Plaintiff was diagnosed with reaction anxiety and depression by his treating physician, Dr. Richard Rathbone.[7] Dr. Rathbone prescribed a course of treatment which included prescription medication for anxiety and depression, and Dr. Rathbone recommended that Plaintiff take a leave of absence from Jetson until October 17, 2011.[8]

Pursuant to Dr. Rathbone's recommendations, Plaintiff submitted a leave request under the Family and Medical Leave Act ("FMLA") to the Defendant on August 31, 2011.[9] On the request form, Dr. Rathbone wrote that the Plaintiff could not work due to stress. He also wrote that Plaintiff was "unable to work at all during this time," and that Plaintiff was "totally incapacitated during this time."[10] The Defendant approved Plaintiff's leave request

---

[5] Rec. Doc. No. 13-11, p. 7 (Deposition of James Spears, p. 10).

[6] Rec. Doc. No. 13-4.

[7] Rec. Doc. No. 13-12 (Deposition of Richard Rathbone, M.D., p. 23; p. 42); Rec. Doc. No. 13-16.

[8] *Id.*

[9] Rec. Doc. No. 13-5.

[10] Rec. Doc. No. 13-6.

and Plaintiff began taking FMLA leave.[11]

On October 17, 2011, the date Plaintiff was to return to Jetson, Dr. Rathbone determined that Plaintiff was unable to return until November 28, 2011.[12] Dr. Rathbone submitted a medical excuse, and the Defendant again granted Plaintiff's leave request.[13] During this time, Dr. Rathbone encouraged Plaintiff to work elsewhere as long as he was away from the particular stresses of the work environment at Jetson.[14] Thus, Plaintiff continued his job as a security guard for the mall.

Upon Plaintiff's return to work at Jetson, the Defendant investigated whether the Plaintiff had been eligible for FMLA and sick leave. The Defendant had received information that Plaintiff had continued his mall security officer job while on leave from Jetson.[15] The investigation revealed that Plaintiff had worked over 400 hours for Allied Barton during the time that he was on FMLA and sick leave from Jetson. Plaintiff was terminated on May 13, 2012 for allegedly violating various Jetson rules, particularly for misrepresenting his inability to work in his FMLA leave request.[16]

Plaintiff filed suit against the Defendant, arguing that the Defendant violated the FMLA's notice requirements, interfered with Plaintiff's FMLA leave, and retaliated against him for taking FMLA leave. The Defendant moves for summary judgment on all of

---

[11]Rec. Doc. No. 11-16.

[12] Rec. Doc. No. 13-16.

[13] Rec. Doc. No. 11-3, p. 70 (Deposition of James Spears, p. 70).

[14] Rec. Doc. No. 11-12.

[15] Rec. Doc. Nos. 11-5 & 11-9.

[16] Rec. Doc. No. 11-8.

Plaintiff's claims.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[17]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[18]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[19]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[20]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there

---

[17] Fed. R. Civ. P. 56(c);  *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[19] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[20] *Id.* at 1075.

is a genuine issue for trial.[21]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[22]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[23]  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[24]  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[25]

## B.    Family and Medical Leave Act ("FMLA")

Congress enacted the FMLA to permit eligible employees "to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition."[26] The statute guarantees eligible employees a total of twelve weeks of leave in a one-year period when the leave relates to an employee's serious medical condition.[27]  Upon the employee's timely return, the employer

---

[21] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[22] *Little*, 37 F.3d at 1075;  *Wallace*, 80 F.3d at 1047.

[23] *Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075).  *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[24] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[26] *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008) (citing 29 U.S.C. § 2601(b)(2)).

[27] 29 U.S.C. § 2612(a)(1).

must reinstate the employee "to the same position as previously held or a comparable position with equivalent pay, benefits, and working conditions."[28]

The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave.[29]  The statute also makes it unlawful for an employer to discharge or retaliate in any other manner against an individual for opposing the employer's unlawful FMLA practices.[30]  Plaintiff claims that the Defendant interfered with his right to take leave under the FMLA, failed to comply with the posting and notice requirements set forth by the FMLA, and retaliated against him for requesting and taking FMLA leave.  The Court addresses each claim below.

### 1.    FMLA Interference

To establish a *prima facie* interference case, a plaintiff must show that:  (1) he was an eligible employee, (2) the Defendant was an employer subject to the FMLA's requirements, (3) he was entitled to leave, (4) he gave proper notice of his intention to take FMLA leave, and (5) the Defendant denied him the benefits to which he was entitled under

---

[28] *Smith v. E. Baton Rouge Parish Sch. Bd.*, 453 F.3d 650, 651 (5th Cir.2006) (citing 29 U.S.C. § 2614(a)(1)).

[29]  29 U.S.C. § 2615(a)(1).

[30] *Id.* at § 2615(a)(2).

the FMLA.[31]  The Court finds that only prong five is in question in this case.[32]

In order for Plaintiff to prevail, he must have been terminated while he was availing himself of the FMLA rights to which he was entitled.[33]  The Court finds that Plaintiff has failed to present summary judgment evidence to establish that the Defendant denied him the benefits to which he was entitled under the FMLA.  The record reflects that the Defendant's request for FMLA leave was granted and later extended beyond the allowable time.  It was not until Plaintiff returned to work that the Defendant terminated him, allegedly for false representations on his FMLA request and other employee conduct violations.

The Court finds that Plaintiff's interference claim is essentially a retaliation claim, which has already been alleged, styled as an interference claim.  Plaintiff argues that he can maintain an interference claim because his "summary judgment evidence in this case is sufficient to set forth triable issues of fact as to whether the employer respected Mr. Spears' statutory right to take FMLA leave or whether it considered his taking of FMLA leave as a negative factor in the decision to terminate him."[34]  It is often noted that, "[b]ecause of the similarity between the evidence for FMLA retaliation and FMLA interference when the interference claimed is termination or elimination of the position,

---

[31] *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir.2012); *see also Burris v. Brazell*, 351 Fed.Appx. 961, 963 (5th Cir.2009) (*per curiam*) ("To make a prima facie case for interference with FMLA rights, [the plaintiff] must first demonstrate that she took leave that was protected under the FMLA." (citing *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir.2006))).

[32] The Defendant contends that Plaintiff cannot satisfy the first prong, *i.e.*, that he was a qualified or eligible employee under the FMLA.  The Court disagrees for the reasons set forth in Section II(B)(3) of this opinion. Thus, the Court will consider Plaintiff to have satisfied the first prong in this analysis.

[33] *See Forbes v. Unit Texas Drilling, L.L.C.*, 526 F. App'x 376, 379 (5th Cir. 5/7/13).

[34] Rec. Doc. No. 17, p. 7.

Doc 1093                                                7

many courts doubt the validity of these claims when styled as interference claims."[35]  The
Court finds that the Plaintiff's interference claim is essentially the same as his retaliation
claim; therefore, summary judgment shall be granted in favor of the Defendant on Plaintiff's
interference claim.

### 2.   Notice Requirements Under the FMLA

Plaintiff claims that the Defendant violated the posting and notice requirements of
the FMLA.[36]   The FMLA contains a general notice provision requiring that employers "keep
posted, in conspicuous places ... a notice ... setting forth excerpts from, or summaries of,
the pertinent provisions of this subchapter and information pertaining to the filing of a
charge."[37]  The FMLA itself does not contain any more specific requirements governing
notice to employees.  However, it does contain a provision directing the Secretary of Labor
("Secretary") to "prescribe such regulations as are necessary to carry out" the FMLA.[38]

---

[35] *Varise v. H&E Healthcare, L.L.C.*, No. 10-666, 2012 WL 5997202 (M.D.La. 11/30/12), citing *Johnson v. Roehl Properties of Indiana LLC*, No. 10–0081, 2012 WL 1144027, at *6 (N.D.Ind.2012)(holding that there is no right to continual employment while on FMLA leave and so there is no interference claim when there has been a termination and that this claim was "really 'only a retaliation claim masquerading' as an interference claim.")(citing *Dressier v. Community Service Communications, Inc.*, 275 F.Supp.2d 17, 25 (D.Me.2003)(holding that only a retaliation claim is available when the employee on FMLA leave is terminated)); *Mascioli v. Arby's Restaurant Group, Inc.*, 610 F.Supp.2d 419, 433 (W.D.Pa.2009); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050–51 (discussing the relationship between FMLA interference and FMLA retaliation claims: "[E]very discharge of an employee while [he] is taking FMLA leave interferes with an employee's FMLA rights. However, **the mere fact of discharge during FMLA leave by no means demands an employer be held strictly liable for violating the FMLA's prohibition of interfering with an employee's FMLA rights**" (citing *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 980 (8th Cir.2005)(emphasis added)).

[36] Rec. Doc. No. 1-1, ¶18, ¶ 19, & ¶ 20, alleging violations of 29 C.F.R. §§ 825.300(a), 825.300(c)(1), & 825.305 (a)(d).

[37] 29 U.S.C. § 2619.

[38] *Id.* § 2654.

Pursuant to this directive, the Secretary issued regulations requiring employers to provide employees with individualized notice when the employers designate leave as FMLA leave. Specifically, 29 C.F.R. § 825.208(a) provides, "[i]n all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this section."  Also, 29 C.F.R. § 825.208(b)(1) provides, "Once the employer has acquired knowledge that the leave is being taken for an FMLA required reason, the employer must promptly (within two business days absent extenuating circumstances) notify the employee that the paid leave is designated and will be counted as FMLA leave."  The notification must be "provided to the employee no less often than the first time in each six-month period that an employee gives notice of the need for FMLA leave."[39]

The Defendant contends that, not only did it comply with all of the FMLA's posting and notice requirements, it is axiomatic that Plaintiff's FMLA rights were not impaired or prejudiced in any way despite any alleged technical violations.  The Court agrees.

The record reflects that Plaintiff suffered no prejudice from any alleged posting or notice violations.  Plaintiff requested the FMLA leave, and this leave was granted in full and even extended beyond that originally approved.  Thus, Plaintiff cannot show how any alleged violation of the posting and notice requirements actually impaired his FMLA rights or caused him prejudice.  The Fifth Circuit has held that, "the employee whose employer violated the individualized notice regulations still bears the burden of demonstrating that

[39] 29 C.F.R. § 825.301(c).

[his] rights have been impaired and that [he] has been prejudiced."[40]

The only prejudice to Plaintiff in this case is his termination.  Again, the Plaintiff was never denied benefits under the FMLA.  Thus, even if any technical posting and notice violations existed, the Plaintiff has presented no summary judgment evidence that his FMLA rights were impaired or he was prejudiced on that basis.  Summary judgment in favor of the Defendant is proper on this claim.

### 3. FMLA Retaliation

Plaintiff also brings a retaliation claim under the FMLA, alleging he was discharged for taking FMLA leave.  Summary judgment for a retaliation claim under the FMLA is subject to the *McDonnell Douglas* test.[41]  To establish a *prima facie* case for FMLA retaliation, the Plaintiff must show that:  (1) he was protected under the FMLA, (2) he suffered an adverse employment action, and (3) he either was treated less favorably than a similarly situated employee who had not requested leave or the adverse decision was made because he took FMLA leave.[42]  If this showing is made, the burden shifts to the employer to demonstrate a legitimate, non-retaliatory reason for the employment decision.[43]  A plaintiff must then show either: (1) that the employer's reason is a pretext for discrimination; or (2) that the employer has a discriminatory or retaliatory motive in addition

---

[40] *Downey v. Strain*, 510 F.3d 534, 541 (5th Cir. 2007).

[41] *Verise*, 2012 WL 5997202 at * 2.

[42] *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).

[43] *Richardson v. Monitronics Intern, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

to a legitimate reason, or mixed motives.[44] If the employee demonstrates that the employer had a mixed motive, then the employer must show that it would have conducted the same employment action regardless of the discriminatory motivation.[45]

> a.   Eligibility Under the FMLA

The Defendant contends that Plaintiff was not qualified for FMLA leave, and thus cannot prove the first prong of his *prima facie* retaliation case. The Defendant argues that Plaintiff's Certification contained statements that Plaintiff was "totally incapacitated" and "unable to work at all," and these statements were falsehoods since it was later discovered that Plaintiff continued performing his second job with Allied Barton while on FMLA leave from Jetson. The Defendant further argues that Plaintiff has failed to meet the Fifth Circuit's "bright line" test to determine whether an illness qualifies as a "serious health condition" under the FMLA because he was not incapacitated for at least four days.

Plaintiff counters that the FMLA does not require that a qualified employee be totally disabled from any occupation. Further, Plaintiff contends that Dr. Rathbone clarified in his deposition that his designation of Plaintiff as "totally incapacitated" and "unable to work at all" applied only to Plaintiff's work at Jetson for the time in question. Thus, there was no misrepresentation or falsehood on Plaintiff's Certification, and he qualified for protection under the FMLA.

Although the Defendant contends that the Fifth Circuit's "bright line" test resolves this issue in its favor, the Court is not so persuaded. There appears to be no Fifth Circuit

---

[44] *Id.*

[45] *Id.*

precedent addressing the exact issue here: whether a qualified employee must be disabled from any job, or just the job from which he seeks leave.  While not binding on this Court, the Court is inclined to follow the reasoning of the Eleventh Circuit in its holding that "a demonstration that an employee is unable to work in his or her *current job* due to a serious health condition is enough to show that the employee is incapacitated, even if that job is the only one the employee is unable to perform."[46]

This issue was raised in *Meadows v. Texar Federal Credit Union*,[47] a case from the Eastern District of Texas which is under the jurisdiction of the Fifth Circuit.  In *Meadows*, the defendant argued that the plaintiff was not incapacitated within the meaning of the FMLA because, among other things, the plaintiff engaged in normal daily activities while on leave.[48]  The defendant noted that the plaintiff's treating physician advised the plaintiff to find another job and "do nice things for herself" as part of her treatment plan.[49]  The plaintiff followed this advice and engaged in daily activities.[50]

The court rejected the defendant's position, stating: "the Court is not convinced Plaintiff must show an inability to perform daily activities if she is able to show she was unable to perform her work and her absence from work was necessary.  An incapacity

---

[46] *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1295 (11th Cir. 2006)(emphasis in original). The Eight Circuit also applies this standard.  *See Stekloff v. St. John's Mercy Health Systems*, 218 F.3d 858, 861 (8th Cir. 2000).

[47] No. 5CV158, 2007 WL 192942 (E.D. Tex. 1/22/07).

[48] *Id.* at *22.

[49] *Id.*

[50] *Id.*

requires absence from work as a necessity *or* an inability to perform daily activities."[51] The

court held that the plaintiff had "presented sufficient summary judgment evidence to create

a genuine issue of material fact on whether she was able to perform her work at Texar.

Dr. Feir's recommendation that Plaintiff engage in family activities, and Plaintiff's ability to

engage in said activities, are not dispositive of Plaintiff's ability or inability to perform her

work at Texar because of the alleged stress she felt from her job there."[52]

     The plaintiff's doctor indicated that the plaintiff could probably have gone back to

work in April of 2005 but only in another job, with a different supervisor, and without the

stress she was subjected to at Texar.[53] The *Meadows* court relied on caselaw from other

districts and circuits in explaining:

> Most importantly, in this regard, there is authority indicating an inability to
> work in the plaintiff's current job due to a serious health condition is enough
> to show that the employee is incapacitated. In *Snelling v. Stark Properties,
> Inc.*, 2006 WL 2078562, *12 (M.D.Ga.2006), the court rejected an argument
> that because a plaintiff could have worked at some other job other than her
> current job she did not have an "inability to work," and noted that the Eighth
> Circuit court of appeals had recently rejected the same argument.[54]

The *Meadows* court distinguished the jurisprudence relied upon by the defendant and

---

[51] *Id.* at *23, citing *Haefling v. United Parcel Service, Inc.*, 169 F.3d 494, 499 (7th Cir.1999) ("The plaintiff must make a threshold demonstration that the illness or injury at issue resulted in an incapacity requiring absence from work or school or an absence from or an inability to perform daily activities for more than three calendar days. The plaintiff must then show that he received continuing treatment as a result of this incapacity.") (emphasis added); *Murray Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir.1997) (indicating that plaintiff must show that her absence from work "was necessary" and affirming judgment as a matter of law where there was no evidence that employee was unable to work during absence) (emphasis in original).

[52] *Id.*

[53] *Id.*

[54] *Id.* at *24, citing *Hulbert*, 439 F.3d at 1295.

ultimately held:

> [T]he Court is not convinced by Defendant's arguments that Plaintiff was not incapacitated within the meaning of the FMLA as a matter of law. The Plaintiff has submitted enough evidence to withstand summary judgment on this point. Viewing the evidence in the light most favorable to Plaintiff, the Court cannot conclude as a matter of law that Plaintiff did not suffer a "serious health condition" as that phrase is defined by the FMLA regulations. It remains for the trier-of-fact to decide if Plaintiff suffered a serious health condition.[55]

While not bound by the cases cited above, the Court is inclined to follow the analysis and reasoning of the foregoing jurisprudence in light of the lack of Fifth Circuit jurisprudence to the contrary. A reasonable juror could believe that Dr. Rathbone's statements in Plaintiff's Certification applied to his specific job at Jetson rather than all jobs in any capacity. Thus, there is a material issue of fact as to Plaintiff's qualification under the FMLA. The Court must resolve this issue in the light most favorable to the Plaintiff, and will, therefore, find that Plaintiff has carried his burden of showing a *prima facie* case of FMLA retaliation.[56]

### b.    Mixed-Motives Theory

Plaintiff has presented summary judgment evidence that the facts surrounding his FMLA leave were a motive, albeit not the only motive, for his termination. Thus, the Defendant must show that it would have made the same decision to terminate the Plaintiff had he not applied for FMLA leave. Clearly, the Defendant cannot carry this burden.

---

[55] *Id.* at *26.

[56] The Plaintiff clearly suffered an adverse employment action since he was terminated. The Court also concludes that the decision to terminate the Plaintiff was tied to his FMLA leave because he was terminated for the alleged falsehoods in his FMLA certification.

There is a genuine issue of material fact as to whether the basis for the Defendant's termination, *i.e.*, that he lied in his certification, is valid.  It is for the trier-of-fact, and not the Court, to determine if the Plaintiff did, in fact, lie or mislead the Defendant in his FMLA certification and to what extent, if any, Plaintiff suffered from a "serious medical condition." Accordingly, the Court denies both the Defendant's *Motion for Summary Judgment* and Plaintiff's *Motion for Partial Summary Judgment* on the retaliation claim.

## III.    CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[57] by Defendant Louisiana Department of Public Safety and Corrections is hereby GRANTED on the FMLA interference and notice claims, and these claims are dismissed with prejudice.  The Defendant's motion is DENIED as to Plaintiff's retaliation claim.  The *Motion for Partial Summary Judgment*[58] filed by Plaintiff James Spears is also DENIED.

IT IS SO ORDERED.

BATON ROUGE, Louisiana, this  7  day of March, 2014.

*Shelly Dick*

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[57] Rec. Doc. No. 11.

[58] Rec. Doc. No. 13.